# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ABDUL ABDULRAMAN,
    Plaintiff

vs.

DR. BURKE, et al.,
    Defendants.

Case No. 1:12-cv-209

Spiegel, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion for a temporary restraining order/preliminary injunction (*See* Doc. 1), defendants' response (Doc. 5), and plaintiff's reply (Doc. 10).

On March 26, 2012, the Court issued an order requiring defendants to respond to plaintiff's request for preliminary injunctive relief. (Doc. 2). The Court liberally construed plaintiff's complaint to include such a request based on plaintiff's allegation that he has been denied mental health treatment despite having informed defendants that he is suicidal. (*See* Doc. 1, p. 5). After defendants filed a response in opposition, the Court ordered plaintiff to file a response setting forth why the Court should grant injunctive relief in this matter. (Doc. 6). Plaintiff filed his response on April 11, 2012. (Doc. 10).

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1.     Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

2.     Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3.     Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary*, 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

Defendants oppose plaintiff's motion, arguing that plaintiff "has been receiving mental health treatment and never had any intent to kill himself." (Doc. 5, p. 4). In their response, defendants include a declaration from Mental Health Administrator Dirk Prise, which indicates that plaintiff was "placed on the Mental Health Caseload at SOCF on August 16, 2011 as a C2-Non-Seriously Mental Ill patient and accordingly has been receiving care appropriate for his signs and symptoms since that time." (Doc. 5, Exhibit A). Plaintiff's interdisciplinary progress notes report that as of April 2, 2012, plaintiff "denies suicidal ideation or psychosis." (Doc. 5, Exhibit B). The notes further indicate that on March 29, 2012, plaintiff stated that "I do not want to hurt myself in any way. I am being retaliated against. This is about Ms. Davis and SOCF cutting my hair. I will not hurt myself." (Doc. 5, Exhibit C).

In his reply, plaintiff offers only conclusory, unsworn statements that the supporting declaration is false and that he satisfies the above factors. He contends that the supporting

2

documentation offered by defendants is inconsequential, that he never retracted his comments regarding his being suicidal, and notes that "[a]ntidepressants can cause suicidal tendencies." (Doc. 10, p. 4).

After careful consideration of the above factors, the Court finds that plaintiff has not alleged facts sufficient to warrant a preliminary injunction. Plaintiff has made no attempt to apply the above factors to his situation and he has not alleged facts indicating a substantial likelihood of success on the merits of his constitutional or statutory claims. Most importantly, plaintiff has failed to present any evidence showing that he will suffer irreparable harm absent a preliminary injunction. Defendants' evidence, which is unrebutted, shows plaintiff is not suicidal and has been receiving mental health care.

Based on the record before the Court and upon balancing the above factors, the Court finds that preliminary injunctive relief is not warranted in this case. Accordingly, it is therefore **RECOMMENDED** that plaintiff's motion for preliminary injunction be **DENIED**.

Date: 5/1/2012

Karen L. Litkovitz
United States Magistrate Judge

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ABDUL ABDULRAMAN,
    Plaintiff

vs.

DR. BURKE, et al.,
    Defendants.

Case No. 1:12-cv-209

Spiegel, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ | ☒ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Abdul Abdulraman<br>647-814<br>SOCF<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from Item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7003 2260 0002 6723 4774 | |
| PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-1540 |