UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ABDUL ABDULRAMAN,
Plaintiff

vs.

DR. BURKE, et al.,
Defendants.

Case No. 1:12-cv-209

Spiegel, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Dr. Burke, Dirk Prise, Gary C. Mohr, Edwin Voorhies, Warden Donnie Morgan, Rules Infraction Board, Larry Greene, State of Ohio, Cynthia Davis, Ms. Holsinger, Lt. Dillon, Lt. Workman, Chaplin York, Correctional Officer Southworth, Warden Wanza Jackson, Deputy Warden Oppy, Mathew Stunnabeck, Captain Harold Bell, and Correctional Officer Payne.[1] By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

---

1 By prior order, *Abdulraman v. Davis*, Case No. 1:12-cv-220 (S.D. Ohio March 16, 2012) (Spiegel J.; Litkovitz

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

M.J.), has been consolidated with the instant case. (*See* Doc. 11).

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, brings this action against various SOCF officers and staff, alleging that he was harassed and discriminated against on the basis of being a Sunni Muslim. Plaintiff indicates that he obtained a religious accommodation approval for his hair, which he grew long according to his religious beliefs. *Abdulraman v. Davis*, Case No. 1:12-cv-220 (S.D. Ohio March 13, 2012) (Spiegel, J.; Litkovitz, M.J.) (Doc. 1, Complaint p. 3). In

3

December of 2011, however, plaintiff alleges that he was removed from the general population on multiple occasions by defendant Bell based on purported hair infractions. *Id.* In January of 2012, plaintiff alleges the Rules Infraction Board conspired to increase his security grade, apparently in response to his hair-related infractions. *Id.* Plaintiff indicates that he informed defendant Deputy Warden Oppy that he had a religious accommodation for his hair. According to plaintiff, Oppy stated that he told the staff to leave plaintiff alone, that he was in possession of plaintiff's religious approval forms, and that it would take three months to release him from isolation. *Id.* Plaintiff also alleges that he informed defendant director Edward Voorhies and unit manager Stunnabeck that he was improperly held in isolation in light of his religious accommodation and requested that they "control the[ir] employees and don't let them cut [his] hair." *Id.* at 4-5. According to plaintiff, Oppy and Voorhies assured him not to worry, that the staff could not cut his hair and that "they will make sure to handle it." *Id.* at 5. Plaintiff alleges that defendant Jackson is the "Religious Administrator responsible for keeping [a] current exemption list so each prison has a record of all approved hair exemption[s] and [to] make sure employees don't discriminate and violate prisoner[s'] religious constitutional rights." *Id.* Plaintiff also alleges that Chaplin York was responsible for keeping a current list of religious accommodations and that he failed to include plaintiff on the list. *Id.* at 6.

On January 30, 2012, plaintiff alleges that defendant Cynthia Davis filed a false conduct report stating that plaintiff did not have a religious accommodation exemption. *Id.* at 3-4. On February 1, 2012, defendant Officer Southworth allegedly refused to send plaintiff to see the

4

Rules Infraction Board and instead informed the board that he refused to attend. *Id.* at 4. According to plaintiff, Southworth told plaintiff that he had to go to the infirmary hospital, where he alleges that he was "ambushed at the barber shop by barber shop supervisor Ms. Holsinger, Lt. Dillon and Lt. Workman. They got [a] large can of Fox Chemical Mace pointed at my face and sa[id] cut your hair or else." *Id.* Plaintiff indicates that he was forcefully held down by defendants Payne, Workman, and Dillon while his hair was involuntarily cut. *Id.* Plaintiff states that he began to pray as his hair was being cut and alleges that defendants Dillon and Workman made comments disrespecting his religion throughout the incident. *Id.*

Plaintiff claims that defendants Davis, Bell, Dillon, Workman, Holsinger, Jackson, Oppy, Southworth, York, Payne, Stunnabeck, and Voorhies acted with "deliberate indifference to [his] religious constitutional rights, conspiracy to commit harm, failure to protect, failure to act, negligent supervision and religious discrimination." *Id.* at 6-7. He further alleges that defendants Southworth, Davis, Bell, Dillon and Workman "engaged in a conspiracy [to] violate [his] constitutional rights protected by the Religious Land Use of Incarcerated Person Act and Religious Freedom Act." *Id.* at 7. Plaintiff also alleges discrimination based on being denied halal meals and being separated from other Muslims during prayer. *Id.* at 8.

Plaintiff also alleges that defendants Burke, Mohr, Voorhies, Prise, Morgan, and Green were deliberately indifferent to his serious medical needs because they denied him mental health treatment. (Doc. 1, p. 5). Plaintiff contends that defendants Burke, Prise, Mohr and Voorhies have ignored his requests for mental health treatment despite having informed them that he is

5

suicidal. *Id.* Plaintiff alleges that these defendants use isolation in lieu of providing treatment. *Id.* He further contends that he was "denied mental health staff assistance by [the] Rules Infraction Board [in] violation of due process" and names defendants Larry Greene and Donnie Morgan, apparently for the denial of due process on appeal. *Id.* Finally, plaintiff alleges that defendant Mohr recently initiated "a new 3 step process lock down." *Id.* As best the Court can discern, it appears that plaintiff alleges that the lockdown involves mixing recreational and non-mental health inmates with handcuffed mental health inmates. *See id.* Plaintiff asserts that the lockdown process amounts to deliberate indifference to safety. *Id.* Plaintiff seeks monetary damages, declatory relief and injunctive relief. *Id.* at 6.

Liberally construed, plaintiff's complaint states a claim for relief under the First Amendment against defendants Davis, Bell, Dillon, Workman, Holsinger, Jackson, Oppy, Southworth, York, Payne, Stunnabeck, and Voorhies. *Flagner v. Wilkinson*, 241 F.3d 475 (6th Cir. 2001). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987); *Cruz v. Beto*, 405 U.S. 319 (1972). Plaintiff's claims against these defendants are deserving of further development and may proceed at this juncture. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff also alleges sufficient facts for a claim of deliberate indifference to serious medical needs against defendants Burke, Voorhies, Mohr and Prise. In addition, at this juncture, it appears that plaintiff's allegations sufficiently state a claim of deliberate indifference to safety against defendant Mohr. *See Farmer v. Brennan*, 511 U.S. 825, 845-46 (1994). The Court therefore concludes that plaintiff's Eighth Amendment claims against these defendants may

6

proceed.

However, plaintiff's remaining claims must be dismissed for failure to state a claim upon which relief may be granted.

Although plaintiff does not specify the basis upon which he names the State of Ohio as a defendant, any such claim must be dismissed because the State of Ohio is immune under the Eleventh Amendment to the United States Constitution. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar of suits in federal court against a state do not appear to apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Nor has plaintiff sued a state official seeking prospective relief for future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). Therefore, plaintiff's claims against the State of Ohio should be dismissed.

Plaintiff's complaint also fails to state a claim for relief for a denial of due process against the Rules Infraction Board (RIB), Warden Donnie Morgan, or Larry Greene. As noted above, plaintiff bases his claims against these defendants on their alleged denial of his due process rights

in connection with the RIB proceedings and subsequent appeal. However, plaintiff fails to allege facts showing that defendants' actions had the effect of altering the term of his imprisonment or imposed restraints which amounted to an "atypical and significant hardship on [plaintiff] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *See Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995). Plaintiff does not allege facts showing that his RIB proceeding resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. *Sandin*, 515 U.S. at 486; *Smith v. Corrections Corp. of America*, 5 F. App'x. 443, 444 (6th Cir. 2001) (thirty days of disciplinary segregation does not rise to level of atypical and significant hardship). *See also Jones*, 155 F.3d at 812 (6th Cir. 1998) (administrative segregation for two and a half years did not satisfy *Sandin*); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (administrative confinement for 117 days for lack of bed space could not satisfy *Sandin*); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (30 days in Security Control, 14 days in Disciplinary Control and six to eight months in Administrative Control were not atypical hardship under *Sandin*). *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (holding that transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates). Because plaintiff does not have a protected liberty interest under the circumstances alleged, his complaint fails to state a due process claim against these defendants.

Accordingly, in sum, plaintiff's claims against defendants State of Ohio, Rules Infraction Board, Warden Donnie Morgan, and Larry Greene should be dismissed for failure to state a claim upon which relief may be granted. Having found that plaintiff has alleged sufficient facts to state First Amendment claims against defendants Davis, Bell, Dillon, Workman, Holsinger, Jackson, Oppy, Southworth, York, Payne, Stunnabeck, and Voorhies and Eighth Amendment claims against defendants Burke, Voorhies, Mohr and Prise, these claims are deserving of further development and may proceed.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims against defendants State of Ohio, Rules Infraction Board, Warden Donnie Morgan, and Larry Greene be **DISMISSED** on the ground that they fail to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the Complaint, summons, the separate Order granting prisoner *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Davis, Bell, Dillon, Workman, Holsinger, Jackson, Oppy, Southworth, York, Payne, Stunnabeck, Voorhies, Burke, Mohr and Prise, as directed by plaintiff. All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the

Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

    3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 5/16/2012

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ABDUL ABDULRAMAN,<br>Plaintiff | Case No. 1:12-cv-209 |
| vs. | Spiegel, J.<br>Litkovitz, M.J. |
| DR. BURKE, et al.,<br>Defendants. | |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).